```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JENNIFER FINLEY, et al.,                                          :
                                                                  :
                              Plaintiffs,                         :   25-CV-0401 (JAV)
                                                                  :
              -v-                                                 :   OPINION AND ORDER
                                                                  :
NEWPORT BEACH HOLDINGS, LLC, et al.,                              :
                                                                  :
                              Defendants.                         :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

Defendants Wilmington Savings Fund Society, FSB As Owner Trustee of The Aspen Growth IV Trust ("Wilmington"), and FCI Lender Services, Inc. ("FCI") (collectively, the "Moving Defendants") have moved to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 15. The Court has elected to convert the pending motion to a motion for summary judgment pursuant to Rule 12(d). For the reasons set forth below, the motion for summary judgment is GRANTED.

## BACKGROUND

*Pro se* Plaintiffs Jennifer Finley and Ollie Brown commenced this action against the Moving Defendants and Newport Beach Holdings LLC ("Newport"), alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(g). ECF No. 1. Plaintiffs allege in the Complaint that, on or about August 20, 2007, Plaintiff Brown executed a note and mortgage for $350,000.00. *Id.*, ¶ 10. Plaintiffs allege that the last payment on the loan was made on September 20,

2013. *Id.*, ¶ 11. Newport filed a foreclosure action against Plaintiffs in New York Supreme Court, New York County (Index No. 850078/2017). *Id.*, ¶ 12. On or about October 15, 2024, Plaintiffs sent written requests for validation of the debt to Newport, Wilmington, and FCI pursuant to 15 U.S.C. § 1692g. *Id.*, ¶ 14. The Complaint alleges that Defendants failed to respond to Plaintiffs' validation requests within 30 days. *Id.*, ¶ 15. Plaintiffs further allege that, after they submitted their written requests for validation, FCI continued its debt collection attempts. *Id.*, ¶ 16. Copies of the monthly statements sent to Plaintiffs by FCI in November and December 2024 are attached to the Complaint, and reflect that FCI sought the unpaid balance of the debt, as well as additional foreclosure attorney fees and finance charges. *Id.*, ¶¶ 16-17.

The Moving Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) on April 9, 2025. ECF No. 15. In support of their motion to dismiss, the Moving Defendants submitted the Declaration of Seth D. Weinberg ("Weinberg Decl."), to which were attached a number of exhibits. ECF No. 15-1. Included among these exhibits was the letter Wilmington sent to the Plaintiffs in response to their debt validation request. ECF No. 15-4. Wilmington's response, which was dated December 18, 2024, included a copy of the Equity Reserve Line of Credit that Plaintiff Brown executed in 2007 with National City Bank (ECF No. 15-4 at 29-38), the mortgage, the assignment of the mortgage to the current creditor, the reinstatement notice for the loan, and a copy of the current payoff calculation for the loan. The debt validation letters purportedly sent by Plaintiffs are also

attached, and, contrary to the allegations in the Complaint, are dated November 13, 2024. ECF No. 15-4 at 5-8 ("Debt Dispute Letters").

The Moving Defendants also submitted a Notice of Service Transfer dated February 1, 2022, that was sent by FCI to Plaintiff Brown, informing him that servicing of the mortgage loan had been transferred to FCI. ECF No. 15-4 at 10-16 ("the February 2022 Notice"). The letter included the amount of the principal balance that was due, the accrued interest, and accrued late charges. *Id.* at 11. The letter stated that the creditor of the debt was Aspen Growth IV Trust. *Id.* The letter further contained the following language:

> VALIDATION OF DEBT: Unless you dispute all or part of the Debt within thirty days after receipt of this notice, FCI will assume the Debt information is correct. If you notify FCI in writing within thirty days after receipt of this notice that you dispute all or part of the Debt, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. Upon your written request within the thirty day period, FCI will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.*

The Moving Defendants submitted the Declaration of TR Hansen dated April 8, 2025, attesting that Plaintiff Brown did not respond within 30 days to the February 2022 Notice to dispute the validity of the underlying debt. ECF No. 15-5 ("Hansen Decl."), ¶ 5. The Moving Defendants received the Debt Dispute Letters on November 21, 2024. *Id.* ¶ 6.

On October 8, 2025, the Court issued an Order stating that, "[w]hen the

3

Court considers matters outside the pleadings in resolving a motion to dismiss, Rule 12(d) of the Federal Rules of Civil Procedure require the Court to treat the motion as one for summary judgment." ECF No. 37.  The Order stated that the Court intended to convert the pending motion to dismiss "to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure." *Id*.  The Order informed the *pro se* Plaintiffs that "the Court may decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND by filing sworn affidavits and/or other documents as required by Rule 56(c) of the Federal Rules of Civil Procedure." *Id*.  The Order further notified Plaintiffs that "[i]f you do not submit affidavits and/or documents contradicting the facts asserted by the Defendants, the court may accept Defendants' facts as true." *Id*.  The Court set a deadline of November 8, 2025, for Plaintiffs to submit any evidentiary materials in opposition to the motion. *Id*.  To date, Plaintiffs have not submitted any evidentiary materials in opposition to the motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  "Federal courts have complete

4

discretion to determine whether . . . to convert a motion to dismiss to one for summary judgment," so long as the district court has provided the parties with adequate notice and an opportunity to submit evidentiary material as contemplated by Rule 56. *Timperio v. Bronx-Lebanon Hosp. Ctr.*, 384 F. Supp. 3d 425, 430 (S.D.N.Y. 2019) (cleaned up).  Having provided the requisite notice, the Court converts the pending motion to dismiss to a motion for summary judgment.

A grant of summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  If a reasonable jury could render a verdict in favor of the nonmoving party, a genuine dispute of material fact exists.  *See Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (citation omitted).  The moving party has the burden of demonstrating the absence of a question of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In forming this assessment, the Court must view all facts "in the light most favorable" to the non-moving party.  *Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002).  "This standard requires that courts resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Spinelli v. City of New York*, 579 F.3d 160, 166 (2d Cir. 2009) (cleaned up).

## DISCUSSION

"To prevail on an FDCPA claim, three requirements must be met: (1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been

the object of efforts to collect a consumer debt, (2) the defendant collecting the debt must be considered a 'debt collector,' and (3) the defendant must have engaged in an act or omission in violation of FDCPA requirements." *Gold v. Shapiro, Dicaro & Barak, LLC*, No. 18-CV-6787 (PKC) (SJB), 2019 WL 4752093, at *3 (E.D.N.Y. Sept. 30, 2019) (cleaned up).  There is no dispute as to the first two prongs.  The issue, then, is whether the Moving Defendants violated a requirement of the FDCPA.

The sole cause of action asserted in the Complaint is that the Moving Defendants violated the FDCPA by pursuing collection of the mortgage loan after Plaintiffs submitted written requests to validate the debt.  Plaintiffs claim that Defendants failed to validate the debt, and that these collection activities therefore violated 15 U.S.C. § 1692g.  The Moving Defendants argue in turn that Plaintiffs did not timely seek to validate the debt within the 30-day window permitted by the FDCPA, and that their letters of April 2025 did not serve to stay collection activities.

The relevant provision of the FDCPA states:

> **(a) Notice of debt; contents**
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> > **(1)** the amount of the debt;
> >
> > **(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(b) Disputed debts**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.  Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g.

Plaintiffs do not dispute that the February 2022 Notice satisfies the requirements of Section 1692g(a). It set forth the amount of the debt, the name of the creditor, and provided the requisite notices in clear unambiguous language that the least sophisticated consumer could understand. *See McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002). Additionally, it is not disputed that Plaintiffs did not send a notice to FCI within the 30-day prescribed period disputing the debt, or requesting the name and address of the original creditor. Plaintiffs contend that the Debt Dispute Letters were sent in October 2024, Compl., ¶ 14, while the Moving Defendants have submitted evidence that the letters were received on November 21, 2024, Hansen Decl., ¶ 6, but regardless, either time period is far beyond the 30-day time period that commenced when Plaintiff Brown received the February 2022 Notice. *See Jacobson v. Healthcare Fin. Svs. Inc.*, 516 F.3d 85, 92-93 (2d Cir. 2008) (holding that period for submitting debt verification letter begins upon a debtor's receipt of the section 1692g(a) notice).

Plaintiffs argue that "nothing in the statute limits a consumer's right to request validation of a debt to this 30-day window." ECF No. 19 at 3. The issue presented in this case is not whether Plaintiffs can request validation of the debt outside the 30-day window. Rather, it is whether a request for validation outside the 30-day window required the Moving Defendants to cease debt collection activities, such that the Moving Defendants violated the FDCPA by continuing to collect on the debt by sending notices in November and December 2024.

Section 1692g was intended to address "the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 95-382, at 4 (1977), *as reprinted in* 1977 U.S.C.C.A.N. 1695, 1699. "If the consumer notifies the debt collector in writing, within the thirty-day period afforded by the Act, that she disputes the debt or any portion of the debt, the debt collector must cease collection. The debt collector may resume collection activities only when it has obtained verification of the debt, and has mailed a copy of the verification to the consumer. The thirty-day window is not a 'grace period'; in the absence of a dispute notice, the debt collector is allowed to demand immediate payment and to continue collection activity." *Jacobson*, 516 F.3d at 89 (cleaned up). The Second Circuit has made clear that "the recipient of a debt collection letter covered by the FDCPA validly invokes the right to have the debt verified whenever she *mails* a notice of dispute *within thirty days of receiving* a communication from the debt collector." *Id.* at 95.

Accordingly, the stay of collection activities mandated by Section 1692g(b) is only triggered by the submission of a debt verification letter within the 30-day period. As the undisputed evidence establishes that Plaintiffs did not submit a letter within 30 days of receiving a notice compliant with Section 1692g(a), the Moving Defendants did not violate Section 1692g(b) by sending Plaintiff Brown collection notices after receiving the Debt Dispute Letters.

In their opposition brief, Plaintiffs also contend that the statute of limitations to bring an action with respect to the defaulted debt has expired, rendering any

attempts to collect on such debt false and misleading under the FDCPA. ECF No. 19 at 5. No such cause of action was pled in the Complaint, however. ECF No. 1. Moreover, the Court has already provided Plaintiffs an opportunity to amend the Complaint in response to the pending motion to dismiss, *see* ECF No. 20, which Plaintiffs declined to do.[1]

## CONCLUSION

For the reasons stated herein, the Moving Defendants' motion for summary judgment is GRANTED. The claims against Wilmington and FCI are dismissed. The Clerk of Court is directed to terminate ECF No. 15.

SO ORDERED.

Dated: November 20, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

---

[1] The Court holds in the alternative that any amendment of the Complaint to assert such a claim would be futile. Plaintiffs argue that they ceased paying on the underlying note on September 20, 2013. ECF No. 19 at 5. They cite the six-year statute of limitations found in N.Y. C.P.L.R. § 213(4) to suggest that any action to collect on the debt would be timebarred, and thus any collection efforts would be invalid. *Id.* But the undisputed record evidence establishes that a foreclosure action was brought in New York state court within the six-year statute of limitations period, and that action is still pending. *See* Compl., ¶ 12; ECF No. 15-3.