UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                           :
JENNIFER FINLEY, et al.,                                   :
                                                           :
                                    Plaintiffs,            :          25-CV-00401 (JAV)
                                                           :
              -v-                                          :          OPINION AND ORDER
                                                           :
NEWPORT BEACH HOLDINGS, LLC, et al.,                       :
                                                           :
                                    Defendants.            :
                                                           :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

   *Pro se* Plaintiffs Jennifer Finley and Ollie Brown commenced this action against Defendants Wilmington Savings Fund Society, FSB as Owner Trustee of the Aspen Growth IV Trust ("Wilmington); FCI Lender Services, Inc. ("FCI"); and Newport Beach Holdings LLC ("Newport"), alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g.  ECF No. 1 ("Compl."). Plaintiffs allege in the Complaint that, on or about August 20, 2007, Plaintiff Brown executed a note and mortgage for $350,000.00.  *Id.*, ¶ 10.  Plaintiffs allege that the last payment on the loan was made on September 20, 2013.  *Id.*, ¶ 11.  Newport filed a foreclosure action against Plaintiffs in New York Supreme Court, New York County (Index No. 850078/2017).  *Id.*, ¶ 12.  On or about October 15, 2024, Plaintiffs sent written requests for validation of the debt to Newport, Wilmington, and FCI pursuant to 15 U.S.C. § 1692g.  *Id.*, ¶ 14.  The Complaint alleges that after they submitted their written requests for validation, FCI continued its debt collection attempts.  *Id.*, ¶ 16.  Copies of the monthly statements sent to Plaintiffs by FCI in

November and December 2024 are attached to the Complaint and reflect that FCI sought the unpaid balance of the debt, as well as additional foreclosure attorney fees and finance charges. *Id.*, ¶¶ 16-17.

By Opinion and Order dated November 20, 2025, the Court granted summary judgment to Wilmington and FCI. ECF No. 47 ("Opinion"). The Court held that the stay of collection activities mandated by Section 1692g(b) is only triggered by the submission of a debt verification letter within a 30-day period after receiving the notice of debt prescribed by the statute. *Id.* at 9. As the undisputed evidence establishes that Plaintiffs did not submit a letter within 30 days of receiving a notice compliant with Section 1692g(a), the Court held that Wilmington and FCI did not violate Section 1692g(b) by sending Plaintiff Brown collection notices in November and December 2024. *Id.*

Plaintiffs now move for reconsideration of the Opinion and ensuing judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 48. For the reasons set forth below, the motion for reconsideration is DENIED.

## LEGAL STANDARDS

The standard for granting a motion under Rule 59(e) "is strict, and reconsideration will generally be denied." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Gerding v. Am. Kennel Club*, No. 21-CV-07958 (ALC), 2025 WL 1212091, at *1 (S.D.N.Y. Apr. 24, 2025). To seek reconsideration under Rule 59(e), the moving party must "demonstrate that the

Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Superb Motors Inc. v. Deo*, No. 23-CV-6188 (JMW), 2025 WL 1766225, at *1 (E.D.N.Y. June 26, 2025). A party may also move for reconsideration "when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008).

## DISCUSSION

Familiarity with the factual background as set forth in the Opinion is presumed. Plaintiffs argue that the Opinion fails to analyze whether the inclusion of new finance charges and charges for foreclosure attorney fees in the November and December 2024 collection notices was prohibited by Section 1692g(b). ECF No. 48 at 1. The November 2024 billing statement indicates that Plaintiff Brown owed a past due amount of $176,494.06, and included a new monthly finance charge in the amount of $1,022.09. ECF No. 1 at 6. The December 2024 billing statement similarly includes a monthly finance charge of $1,022.09, as well as an additional charge for foreclosure attorney fees in the amount of $661.50. *Id.* at 5.

3

Notably, the Complaint nowhere alleges that these additional finance charges or foreclosure fees were not authorized under the terms of the Note executed by Plaintiff.  *See* 15 U.S.C. § 1692f(1) (prohibiting "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law").  An examination of the Note demonstrates that it does expressly provide for the accrual of finance charges for past due payments, ECF No. 15-4 at 29-30, as well as the recovery of reasonable attorney fees, *id.* at 31.

Instead, Plaintiffs suggest that their submission of a letter requesting validation of the debt in October 2024 prevented Defendants from adding these additional charges to their outstanding balance.  But as explained at length in the Opinion, the statutory language is clear that written notice that a debtor disputes a debt only operates as a stay of further collection efforts when submitted within 30 days of the receipt of a debt collection notice under Section 1692g(a).  Opinion at 6-9.  The accrual of new charges incidental to the principal debt does not serve to extend the triggering of Section 1692g(b)'s stay provision beyond that 30-day period.  Because it is undisputed that Plaintiffs did not dispute the debt within the 30-day window, Section 1692g did not prohibit Defendants' collection activities, whether they be for the original debt or for additional charges accruing under the terms of the contract.

Construing Plaintiffs' motion liberally in light of their *pro se* status, it may be that Plaintiffs are suggesting that, each time additional charges incidental to the

principal debt accrue under the terms of the original agreement, the debt collector must send a new notice compliant with Section 1692g(a).  Yet a new debt validation notice is not required for charges that are merely incidental to, and arise under, the original note that created the debt at issue.  *See, e.g.*, *Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-842S, 293 F.R.D. 410, 416 (W.D.N.Y. 2013).  Plaintiffs have thus failed to state a claim for breach of the FDCPA against Defendants.

## CONCLUSION

For the reasons stated herein, the motion for reconsideration is DENIED. The Clerk of Court is directed to terminate ECF No. 48.

SO ORDERED.

Dated:  December 23, 2025
     New York, New York

                    JEANNETTE A. VARGAS
                    United States District Judge