UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER FINLEY, et al.,

Plaintiffs,

-v-

NEWPORT BEACH HOLDINGS, LLC, et al.,

Defendants.

25-CV-00401 (JAV)

MEMORADNUM OPINION AND ORDER

JEANNETTE A. VARGAS, United States District Judge:

Defendant Newport Beach Holdings LLC ("Newport") has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 66. Plaintiffs, who are proceeding *pro se*, have not filed any opposition to this motion. For the reasons set forth below, the motion for summary judgment is GRANTED.

## BACKGROUND

### A. Allegations in Complaint

*Pro se* Plaintiffs Jennifer Finley and Ollie Brown commenced this action against Newport, Wilmington Savings Fund Society, FSB As Owner Trustee of The Aspen Growth IV Trust ("Wilmington), and FCI Lender Services, Inc. ("FCI") alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(g). ECF No. 1. Plaintiffs allege in the Complaint that, on or about August 20, 2007, Plaintiff Brown executed a note and mortgage for $350,000.00. *Id.*, ¶ 10. Plaintiffs allege that the last payment on the loan was made on September 20,

2013. *Id.*, ¶ 11. Newport filed a foreclosure action against Plaintiffs in 2017, in New York Supreme Court, New York County. *Id.*, ¶ 12.

Plaintiffs allege that, on or about October 15, 2024, Plaintiffs sent written requests for validation of the debt to Newport, Wilmington, and FCI pursuant to 15 U.S.C. § 1692g. *Id.*, ¶ 14. The Complaint alleges that Defendants failed to respond to Plaintiffs' validation requests within 30 days. *Id.*, ¶ 15. Plaintiffs further allege that, after they submitted their written requests for validation, FCI continued its debt collection attempts. *Id.*, ¶ 16. Copies of the monthly statements sent to Plaintiffs by FCI in November and December 2024 are attached to the Complaint, and reflect that FCI sought the unpaid balance of the debt, as well as additional foreclosure attorney fees and finance charges. *Id.*, ¶¶ 16-17.

### B. Undisputed Facts

In support of its motion for summary judgment, Newport put forth evidence that the mortgage at issue was assigned to Trinity Financial Services, LLC ("Trinity") on August 31, 2018. *See* ECF No. 66-1, ¶ 5; ECF No. 66-3. The mortgage was ultimately assigned to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of the Aspen Growth IV Trust, a Delaware Statutory Trust on March 3, 2022. *Id.* Newport was thus not involved in any of the 2024 collection activity challenged in the Complaint. *See* ECF No. 66-1, ¶ 10.

## PROCEDURAL HISTORY

By Opinion and Order dated November 20, 2025, the Court granted summary

judgment to Wilmington and FCI. ECF No. 47 ("Opinion"). The Court held that the stay of collection activities mandated by Section 1692g(b) is only triggered by the submission of a debt verification letter within a 30-day period after receiving the notice of debt prescribed by the statute. *Id.* at 9. As the undisputed evidence establishes that Plaintiffs did not submit a letter within 30 days of receiving a notice compliant with Section 1692g(a), the Court held that Wilmington and FCI did not violate Section 1692g(b) by sending Plaintiff Brown collection notices in November and December 2024. *Id.*

Newport filed its motion for summary judgment on June 23, 2026. ECF No. 66. Plaintiffs' opposition papers were due on August 11, 2026. ECF No. 65. Plaintiff did not submit an opposition. On October 8, 2026, the Court ordered Plaintiffs to show cause by October 15, 2026, as to why Newport's motion should not be deemed unopposed. ECF No. 67. Plaintiffs again did not file papers in response.

## LEGAL STANDARD

A grant of summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a reasonable jury could render a verdict in favor of the nonmoving party, a genuine dispute of material fact exists. *See Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (citation omitted). The moving party has the burden of demonstrating the absence of a question of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In forming this

assessment, the Court must view all facts "in the light most favorable" to the non-moving party. *Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002). "This standard requires that courts resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Spinelli v. City of New York*, 579 F.3d 160, 166 (2d Cir. 2009) (cleaned up).

**DISCUSSION**

"To prevail on an FDCPA claim, three requirements must be met: (1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt must be considered a 'debt collector,' and (3) the defendant must have engaged in an act or omission in violation of FDCPA requirements." *Gold v. Shapiro, Dicaro & Barak, LLC*, No. 18-CV-6787 (PKC) (SJB), 2019 WL 4752093, at *3 (E.D.N.Y. Sept. 30, 2019) (cleaned up). There is no dispute as to the first two prongs. The issue, then, is whether the Moving Defendants violated a requirement of the FDCPA.

The sole cause of action asserted in the Complaint is that Newport violated the FDCPA by pursuing collection of the mortgage loan after Plaintiffs submitted written requests to validate the debt in October 2024. Yet the undisputed evidence demonstrates that Newport did not own or service the debt in October 2024, and was not responsible for any of the challenged collection activity. Accordingly, because Newport did not engage in any act or omission in violation of FDCPA requirements, it is entitled to summary judgment.

## CONCLUSION

For the reasons stated herein, Newport's motion for summary judgment is GRANTED. The Clerk of Court is directed to terminate all pending motions, to enter judgment in favor of the Defendants dismissing all claims, and close the case.

SO ORDERED.

Dated: November 19, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge